### GEORGE P. OCKERSHAUSEN *vs.* MICHAEL DURANT & others.

Middlesex.   March 8. — 22, 1886.   W. ALLEN & HOLMES, JJ., absent.

If the evidence in an action is conflicting upon the question whether goods were sold with a warranty of quality, evidence, which is offered as bearing upon that question alone, that the goods were bought by the vendor for so low a price as to raise the presumption that they were not of the quality alleged to have been warranted, is too remote, and is properly excluded.

CONTRACT upon a promissory note.   Trial in the Superior Court, before *Knowlton*, J., who allowed a bill of exceptions, in substance as follows:

The consideration for the note was forty-six hogsheads of Demerara molasses, sold by the plaintiff to the defendants, and which the plaintiff had purchased of a dealer in New York.

The defendants admitted the making of the note, but contended, and offered evidence tending to show, that the molasses was sold under an express warranty that "it would give the best of satisfaction for distilling purposes and making vinegar," the defendants being engaged in carrying on the business of making vinegar from the distillation of molasses.   The defendants also offered evidence tending to show that the molasses was not good for distilling purposes and making vinegar; and that it had no value to them for the purposes for which they contended it was warranted.

The plaintiff contended, and introduced evidence tending to show, that the molasses was sold without any warranty.

The molasses was sold in the city of Boston by one Benjamin W. Parker; and the plaintiff offered evidence tending to show that, in making the sale, he acted as a merchandise broker.   The defendants offered evidence tending to show that, in making the sale, he acted as principal, and not as broker or agent; and that, after the sale had been concluded, the goods delivered, and the freight charges received by Parker, in part payment, he then disclosed his agency, and gave the name of the principal, the plaintiff in this action.

As bearing on the question of warranty alone, and not upon the question of damages, the counsel for the defendants offered

to show what price was paid for the molasses in New York by the plaintiff, a few days prior to its sale to the defendants; and, in offering said evidence, stated that it was for the purpose of showing that the price paid was so low that the molasses could not have been of the quality mentioned in the warranty claimed to have been made by the plaintiff's agent; and also stated that they would, in connection therewith, offer thereafter other testimony tending to show that molasses of the quality warranted had, at the time of its purchase in New York, a certain market price in open market; and contended that the price paid for this molasses would appear by this evidence to be so low as to raise the presumption that it was not of the quality mentioned in the alleged warranty. The judge excluded the evidence offered.

The jury returned a verdict for the plaintiff, in the full amount of the note; and the defendants alleged exceptions.

*C. P. Searle*, for the defendants.

*I. R. Clark*, for the plaintiff.

C. ALLEN, J. The evidence was conflicting as to whether there was a warranty or not, and the excluded evidence was offered as bearing on this question alone. We do not see that the evidence which was excluded would have had any material tendency to show the probability of the defendant's position, that the plaintiff gave the alleged warranty. It was too remote. Indeed, the argument that, under the circumstances sought to be proved, the plaintiff would not have been likely to give the warranty, is quite as strong as any argument which occurs to us in favor of the opposite conclusion. Proof that the molasses was not as good as the defendants thought it was, and that it was bought by the plaintiff for a low price, does not tend to show that it was sold with warranty.

*Exceptions overruled.*